Opinion of the Court by
Chief Justice Bibb.
There is no bill of exceptions to the opinion of the court in setting aside the first verdict and granting a new trial The art of the court in that behalf is presumed to be correct until the contrary is demonstrated.
The assent of the parties of record to discharge one juror and submit the trial of the issue to the verdict of remaining eleven is sufficient to support a verdict and judgment. It has the sanction of reason, convenience and usage.
The other errors assigned involve the correctness of the opinion of the court in refusing to instruct the jury as in case of a failure by the plaintiff, to maintain by his evidence the cause of action by him alledged.
The several counts in the declaration are for deceit in selling a horse by affirmation of soundness, knowing the affirmation to be false.
On the trial, as the bill of exceptions states, the plaintiff introduced a witness, who proved a warranty of soundness on the sale of the horse; then introduced also other witnesses, none of whom, however, testified as to the sale. But what they did testify is not stated. The defendant below moved to instruct the jury to find as in case of a non suit, which the court refused.
As the statements made by the other witnesses are not set down in the exceptions, we presume every matter to have been testified by them which could have justified the opinion of the court. Of consequence, we fake it that those witnesses testified as to the unsoundness and the knowledge of that unsoundness by the plaintiff, so as to make the warranty on the sale not only false but knowingly false.
An action of deceit lies as well where there is an express warranty as where there is not.
Mayes, for appellant; Crittenden for appellee.
The argument for the plaintiff in error is, that as the plaintiff below has declared for the deceit, and proved a warranty, he must be pinned to warranty, and cannot go upon the deceit. False representations by a seller to induce the sale and purchase, although they may fall short of an express warranty of soundnes, yet if known to the seller to be false, amount toa deceit, and bind the seller as being equivalent in law to a warranty. An express warranty, well knowing it to be false, cannot be less deceitful.
Fitzherbert in his Natura Brevium, gives forms of writs of deceit; and in page 98, letter K. puts the sale of cloths, upon a warranty that they are of a certain length, when in truth they are not, as a case upon which a writ of deceit will lie. Salkeld in treating of deceit, gives the case of Butterfield vs. Burrows, vol. 1, 211, which is the sale of a horse by warranting the soundness, when it was false. So Mr. Justice Buller in his nisi prius, p. 31, under the head of deceit gives the action of deceit for falsely affirming the horse sold to be sound, knowing him to be unsound. Either false representation, or false warranty of soundness, or artifice to conceal, connected with the scienter, makes a deceit for which an action of deceit will be sustained.
The purchaser had his election to sue upon the contract of warranty alone, or to sue upon the fraud.
Judgment affirmed with costs.